UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4494

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES BROWN, a/k/a 6-9,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Charles H. Haden II, District Judge.  (CR-02-189)

Submitted:  April 15, 2005          Decided:  May 31, 2005

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Ronald G. Morgan, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Brown pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and one count of simple assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1) (2000). He appeals his sentence. We affirm Brown's conviction, vacate his sentence, and remand for further sentencing proceedings in light of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

On appeal, Brown contends that the district court erred in including in the quantity of drugs attributed to him drugs mentioned in non-immunized, post arrest statements that he made to state law enforcement officers prior to the date of filing of the federal charges of which he was convicted. He argues that U.S. Sentencing Guidelines Manual § 1B1.8 (2003), mandates that the drug quantities he disclosed to the state law enforcement officers should have been excluded from his relevant conduct because his disclosures were made pursuant to a plea agreement.

Brown has also filed supplemental briefs in which he asserts error in his sentence based upon the United States Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2351 (2004), and United States v. Booker. Specifically, he asserts error in the judicial fact-finding employed by the district court judge in adding relevant conduct of 524.1375 grams of self-disclosed cocaine

base weight onto the convicted amount of cocaine base, which was only .12 grams, which had the effect of increasing his sentencing range under the Guidelines from fifteen to twenty-one months to 235-240 months' imprisonment. He further asserts error in the district court's enhancement of his base offense level on the assault charge from six to nine, with an attendant increase in Guidelines range from two to eight months to eight to fourteen months' imprisonment. The United States has filed a supplemental brief in which it states that it does not oppose Brown's resentencing. We review factual findings made by the district court for clear error, while legal interpretations of the Guidelines are reviewed de novo. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

It is clear that the district court sentenced Brown based on the then-existing law under which application of the Guidelines was mandatory. In light of the Supreme Court's decision in Booker and this court's decision in Hughes, we find that the mandatory application of the Guidelines in this case was plainly erroneous. Hughes, 401 F.3d at 547-48.

Accordingly, we affirm Brown's conviction, vacate his sentence, and remand for further sentencing proceedings in light of the standards articulated in Booker and Hughes. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>